# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDON DONGARRA,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:18-CV-1939** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **OFFICER D. SMITH**, *et al.,* | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I.  Introduction

Presently before the Court are Mr. Dongarra's two motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF Nos. 4 and 10). For the reasons set forth below, the motions will be denied.

## II.  Background

On September 29, 2018, Plaintiff Jordon Dongarra, a federal inmate currently incarcerated at USP Canaan, filed this action against CO Smith and two John Doe BOP employees after CO Smith allegedly placed his life in danger by labelling him a sex offender. Specifically, Mr. Dongarra claims that upon his arrival at USP Canaan, CO Smith issued him a t-shirt and identification card completely different than those issued to other inmates who arrived at the same time. Plaintiff claims unique t-shirt and identification card labelled him as a sex offender, placing his life at risk within the prison

population that is intolerant of sex offenders. Prior to Mr. Dongarra receiving a new t-shirt and identification card, Plaintiff claims he was forced to forego meals and exercise due to his fear of assault after being labelled a sex offender. Claiming the unavailability of the administrative exhaustion process, Mr. Dongarra admits to filing this action prior to the exhaustion of his administrative remedies. (ECF No. 1).

### III. Standard of Review

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also* Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed.*" Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's

capacity to retain counsel on his own behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive, and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

**IV.   Discussion**

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. The Court has recently directed the Clerk of Court to forward it to the Defendants. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.

To the extent that Mr. Dongarra's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at this early

point in the litigation, that any prejudice will befall Mr. Dongarra in the absence of court appointed counsel.  Consequently, Mr. Dongarra's requests for counsel will be denied without prejudice.  Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

    An appropriate Order follows.

**Date:  December 17, 2018**          /s/ A. Richard Caputo
                                                      **A. RICHARD CAPUTO**
                                                      **United States District Judge**