DJF:JJB:cer

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDON DONGARRA,** | : | No. 3:18-CV-1939 |
| Plaintiff | : | |
| | : | |
| v. | : | (Caputo, J.) |
| | : | |
| **OFFICER D. SMITH, et al.,** | : | |
| Defendants | : | (Electronically Filed) |

## STATEMENT OF MATERIAL FACTS

Defendant, D. Smith, hereby submits the following statement of material facts in support of its motion for summary judgment. Plaintiff, Jordan Dongarra, is advised that pursuant to Local Rule 56.1, all facts set forth in this statement will be deemed admitted unless controverted by Dongarra with references to the record supporting his position.

    **A. Facts Regarding Exhaustion of Administrative Remedies**

1. The Bureau of Prisons ("BOP") has established administrative remedy procedures to allow inmates to seek formal review of any issue relating to any aspect of his confinement. 28 C.F.R. § 542.10, et seq.

2.     Inmates are to informally present their complaints to staff in an attempt to resolve a matter. 28 C.F.R. § 542.13(a).

3.     If informal resolution of an inmate complaint is unsuccessful, an inmate may then submit a formal administrative remedy request to the warden where he is confined using the BP-9 form within twenty days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14.

4.     If an inmate is dissatisfied with the warden's response, he may then submit an administrative remedy appeal to the Regional Director within twenty days of the warden's response using the BP-10 form. Id.

5.     If the inmate is dissatisfied with the Regional Director's response, he may then appeal to the BOP's Central Office within thirty days of the Regional Director's response using the BP-11 form. 28 C.F.R. § 542.542.15(a).

6.     The Central Office appeal is the final administrative appeal. 28 C.F.R. § 542.15(a).

7. No administrative remedy appeal is considered to be fully exhausted until it is denied by the BOP's Central Office. 28 C.F.R. § 542, et seq.

8. The administrative remedy coordinator at any level may reject and return to the inmate without a response, an administrative remedy request or appeal that does not meet any requirement stated in BOP regulations. 28 C.F.R. § 542.17(a).

9. If a submission is rejected, the inmate shall be provided a written rejection notice stating the reason for the objection. If the defect on which the rejection is based is correctible, the notice shall inform the inmate of a reasonable time extension within which to correct the defect. 28 C.F.R. § 542.17(b).

10. Each administrative remedy filed by an inmate is given an identification number upon submission. Each number is assigned a corresponding letter representing the level at which that particular remedy was filed. The letter "F" means the remedy was filed with the warden at the institution. The letter "R" indicates the remedy was filed with the Regional Director, and the letter "A" means the remedy was filed with the Central Office. If there is a

number following the assigned letter, it indicates how many times that remedy was filed or refiled at that specific level. (Ex. 1, Declaration of Michael Figgsganter ¶ 6.)

11. If an administrative remedy is accepted, it is considered filed on the date it is logged into the Administrative Remedy Index as received, and once filed, response by the Warden shall be made within 20 calendar days; by the Regional Director within 30 calendar days; and by General Counsel within 40 calendar days. 28 C.F.R. § 542.18.

12. If the time period for responding to an administrative remedy is insufficient for responding staff, the time period to respond may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level by informing the inmate in writing of the extension. Id.

13. If the inmate does not receive a response within the time allotted for a reply, including extension, the inmate may consider the absence of a response to be a denial at that level. Id.

14. The Bureau of Prisons' record of Dongarra's formal administrative remedy submissions reflects that on September 17, 2018, Dongarra filed one administrative remedy (No. 954194-R1) at the Regional Office concerning "staff complaint was given a TCP T-Shirt on 8-10-18."  (Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval at 2.)

15. Administrative Remedy 954194-R1 is the only administrative remedy Dongarra filed concerning the incidents alleged in the complaint.  (Id.)

16. The Regional Office rejected Administrative Remedy 954194-R1 on September 20, 2018 with Code "INS," meaning Dongarra was instructed he must first file a BP-9 form at the institution for the warden's review before submitting a request to the Regional Office.  (Id.; Ex. 2, Rejection Status Reason Codes.)

17. Dongarra filed no additional administrative remedies to correct the rejected Administrative Remedy 954194-R1, nor did he file any other administrative remedies concerning the issues alleged in his complaint.  (Ex. 1; Attach. A at 2-3.)

18. However, Dongarra subsequently submitted three administrative remedies at USP Canaan in an attempt to appeal a DHO decision, and to seek a one-year sentence reduction for his completion of RDAP. (Ex. 1, Attach. A at 2-3.)

### B.   Facts Regarding Defendant Smith

19. David Smith is a Correctional Officer at the United States Penitentiary Canaan (USP Canaan) in Waymart, Pennsylvania. (Ex. 3, Declaration of David Smith ¶ 1.)

20. On August 10, 2018, Correctional Officer David Smith was working as Compound Officer #2 from 2:00 p.m. until 10:00 p.m. (Id. ¶¶ 3-4.)

21. David Smith had no contact with Dongarra on August 10, 2018. (Id. ¶ 5.)

22. David Smith did not work in Receiving and Departure (R&D) on August 10, 2018. (Id.)

### C.   Facts Regarding Clothing and Identification Cards

23. The operations of the Receiving and Discharge ("R&D") Department at any BOP facility is vital to the operation of a federal correctional facility.  (Ex. 4, Declaration of Steve Morin, ¶ 2.)

24. Appropriate procedures in the R&D Department ensure for the interdiction of contraband into the facility as well as significantly assists in the safe and orderly operation of the institution by maintaining accountability of an inmate's personal property following their designation and admission into the facility.  (Id.)

25. Presently, USP Terre Haute does not have a dedicated program for the housing and treatment of sexual offenders.  (Id. ¶ 4.)

26. While USP Terre Haute might house sexual offenders, these individuals are not housed and/or provided any form of clothing or type of identification which would indicate in any manner the basis of their underlying criminal conviction.  (Id. ¶ 5.)

27. Moreover, on discharge from USP Terre Haute all inmates receive the same items to wear at the time of their transfer to another facility.  (Id. ¶ 6.)

28. Transferring inmates from USP Terre Haute receive a "bus roll" which contains the clothing they will wear during their transfer to the next facility. (Id.)

29. The "bus roll" for transferring inmates from USP Terre Haute contains a white shirt and a pair of khaki pants, neither of which have any identifying marks indicating the institution the inmate came from, nor any markings signifying the nature of the inmates' underlying criminal conviction. (Id. ¶ 7.)

30. While inmates at USP Canaan do receive an identification card, there are no markings anywhere on this material indicating an inmate's underlying criminal offense or to signify that a specific inmate is a sex offender. (Ex. 5, Declaration of Erin Bonshock, ¶ 3.)

31. All inmates at USP Canaan receive an identification card that contains the personal information in the exact same format. (Id.)

32. All inmates arriving at USP Canaan receive the standard uniform, which contains no markings indicating what institution the inmate was last housed at and/or the specific criminal offense he committed. (Id. ¶ 4tf.)

                                              Respectfully submitted,

                                              DAVID J. FREED
                                              United States Attorney

                                              S / J. Justin Blewitt, Jr.
                                              J. JUSTIN BLEWITT, Jr.
                                              Assistant U.S. Attorney
                                              PA 01710
                                              Cynthia E. Roman
                                              Paralegal Specialist
                                              240 West Third Street,
                                              Suite 316
                                              Williamsport, PA 17701
                                              Phone: (717)221-4482
                                              Facsimile: (717)221-2246
Date:  June 13, 2019                    J.Justin.blewitt@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDON DONGARRA,** | : | No. 3:18-CV-1939 |
| Plaintiff | : | |
| | : | |
| v. | : | (Caputo, J.) |
| | : | |
| **OFFICER D. SMITH, et al.,** | : | |
| Defendants | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 13, 2019, she served a copy of the attached

## STATEMENT OF MATERIAL FACTS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:
Jordon Dongarra
Reg. No. 60707-060
USP Canaan
P.O. Box 300
Waymart, PA 18472

s/ Tammy S. Folmar
TAMMY S. FOLMAR, Contractor
Data Analyst/Legal Assistant